CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED

DEC 26 2018

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY WADDELL, | ) | CASE NO. 7:18CV00389 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DARA ROBICHAUX, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Jeffrey Waddell, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment in the Roanoke City Circuit Court for drug offenses. Respondent filed a motion to dismiss, and Waddell responded, making the matter ripe for disposition. Waddell has also filed a motion to stay the case and a motion for discovery. After review of the record, I grant the motion to dismiss and deny the other motions.

## I. Background

On January 10, 2017, the Roanoke City Circuit Court entered final judgment, convicting Waddell, pursuant to a plea of nolo contendere, of several theft-related offenses. The court sentenced him to four years' imprisonment. Waddell did not appeal or file a petition for a writ of habeas corpus in the state court. Waddell filed the current petition on July 26, 2018. The respondent submits that Waddell's petition is procedurally defaulted and untimely. I agree, but I focus my analysis on the time-bar.

## II. Time-Bar

Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." Equitable tolling occurs only if a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544, U.S. 408, 418 (2005)).

The circuit court sentenced Waddell on January 10, 2017, and Waddell did not appeal. Therefore, his judgment became final on February 9, 2017. See Va. Sup. Ct. R. 5:9(a) (requiring a petitioner to file a notice for appeal within thirty days of the entry of judgment); Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (holding that, under § 2244(d)(1)(A), the judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires"). Waddell had one year (365 days) from February 9, 2017 to file his § 2254 petition. The statute of limitations expired on February 9, 2018. Waddell did not file the present petition until late July 2018, more than five months later.

Waddell alleges that he is entitled to equitable tolling based on his limited education and means; however, he has not shown reasonable diligence in pursuing his rights and he has not

alleged that any extraordinary circumstance prevented his timely filing. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (collecting cases) (holding that "ignorance of the law is not a basis for equitable tolling"); United States v. Berry, No. 3:09cr00019-1, 2013 WL 150319, at *2 (W.D. Va. Jan. 14, 2013) (collecting cases) ("Reliance on the difficulties inherent in prison life is insufficient to demonstrate equitable tolling."). Further, Waddell has not alleged a colorable claim of actual innocence.[1] Therefore, the petition is time-barred, and I will grant the motion to dismiss the petition. As such, Waddell's motions to stay and for discovery are denied as moot.

### III.

For the foregoing reasons, I deny Petitioner's motion to stay and motion for discovery, and grant Respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTERED this 20th day of December, 2018.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] A colorable claim of actual innocence can serve as a "gateway" to secure the adjudication of an otherwise unreviewable claim. Schlup v. Delo, 513 U.S. 298, 315 (1995). Waddell does not cite Schlup or McQuiggin v. Perkins, 569 U.S. 383 (2013) and he does not present any new compelling evidence unavailable at trial or on appeal. See Burket v. Angelone, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (finding that as petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner).